No. 51                 May 12, 2014                 383

IN THE OREGON TAX COURT
REGULAR DIVISION

Donna DIXON
and Robert Dixon,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5190)

Plaintiffs (taxpayers) appealed from a Magistrate Division decision as to their liability for cigarette tax. Taxpayers argued that the tax on their purchased cigarettes should have first been imposed on the out-of-state seller, and that the collection of taxes was time-barred by the statute of limitations. Granting Defendant's (the department's) motion for summary judgment, the court held that the relevant statutes intended consumers of cigarettes to pay the cigarette tax if it had not otherwise been paid, and that taxpayers were therefore liable for the tax.

Oral argument on cross-motions for summary judgment was held April 29, 2014, by telephone.

Orrin L. Grover, Attorney at Law, Woodburn, filed the motion and argued the cause for Plaintiffs (taxpayers).

Joseph A. Laronge, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Decision for Defendant rendered May 12, 2014.

**HENRY C. BREITHAUPT, Judge.**

### I.   INTRODUCTION

This matter is before the court on cross-motions for summary judgment. The record is established by a stipulation of the parties.

### II.   FACTS

The facts are relatively simple. Plaintiffs (taxpayers) purchased and had delivered into Oregon cigarettes in quantities of more than 199 cigarettes. The containers

holding the cigarettes had no stamps on them evidencing prior payment of Oregon's cigarette tax and in fact that tax had not been paid prior to receipt and consumption of the cigarettes by taxpayers.

### III.  ISSUE

The issue in this case is whether taxpayers are liable for Oregon's cigarette tax.

### IV.  ANALYSIS

The statutes define taxpayers, as consumers of cigarettes, as involved in distribution. ORS 323.060(2) provides: "Any taxes resulting from a distribution of cigarettes for personal use or consumption in a quantity of more than 199 cigarettes shall be paid by the user or consumer."[1] Under this statute liability for payment of tax is squarely on taxpayers.

Taxpayers maintain that the Oregon legislature did not intend for taxpayers to be burdened with the obligation to pay tax when there was an out-of-state seller who should have paid the tax before selling cigarettes to the taxpayers.

Taxpayers offered no legislative history supporting their construction of the statutes. The text and context of those statutes indicates that the legislature intended consumers of cigarettes to pay the cigarette tax if it had not otherwise been paid. ORS 323.085(2).

Taxpayers also argue that provisions of ORS 323.305 indicate that there is a statute of limitations on the assessment of tax that bars the action of Defendant (the department). ORS 323.305 provides:

"If a distributor fails to make payment for stamps when payment is due, the Department of Revenue may compute and determine from any available records and information the amount required to be paid, including interest and penalties. One or more determinations may be made of the amount due for one or for more than one purchase. In making the determination the department may offset overpayments with respect to purchases of stamps against underpayments for purchases and interest and penalties on the underpayments. The department shall give the distributor

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2005.

written notice of its determination in the manner required pursuant to ORS 323.403. Except in the case of fraud, every notice of a determination made under ORS 323.005 to 323.482 shall be given within three years of the due date for payment of the purchase of stamps."

Taxpayers' argument is not well taken. The text of ORS 323.305 indicates that its provisions are limited to actions to collect payment from persons who purchase but defer payment for cigarette stamps. Although taxpayers are "distributors" under ORS 323.015, they are not distributors who are involved in the process of buying and paying for stamps. In addition, the provisions of ORS 323.305, when read in context with ORS 323.015, relate to delayed or deferred payment for stamps, not obligations for payment of tax.

Other provisions of ORS chapter 323 state that procedural provisions of ORS chapters 305 and 314 apply with respect to a number of procedural matters involved in the cigarette tax, including statute of limitations provisions. *See* ORS 323.403. To read ORS 323.305 as providing the exclusive rule for a statute of limitations on collection of the tax, as taxpayers would have the court do, would render ORS 323.403 redundant insofar as it prescribes, by reference, statute of limitations provisions for the cigarette tax. Such a reading cannot be accepted by this court.

Apart from their arguments on legislative intent and a statute of limitations defense, taxpayers make no other arguments in opposition to the actions of the department. The position of the department and its reasons therefore are fully consistent with a proper reading of the statutes.

## V.   CONCLUSION

The motion of the taxpayers is denied and the motion of the department is granted. Costs are awarded to the department. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment is denied.